IN RICHMOND SUPERIOR COURT, JULY, 1832.

### JAMES FELLOWS *vs.* GUIMARIN and BRELET.

### *Assumpsit.*

The exception in favor of merchants' accounts in the 5th section of the statute of limitations of 1767, is not repealed by the act of limitation of 1809.

After dissolution of copartnership, and until the statute shall have attached to the demand, each partner has the power to bind his copartner by promises which shall avoid the statute.

The promise to be sufficient must be express or there must be an acknowledgment so direct and explicit as to be equivalent to a promise.

IN the declaration there are counts for goods sold and delivered, the common money counts, and an *insimul compu- tassent*; to which the defendant, Guimarin (Brelet not hav- ing been arrested) pleaded *non assumpsit*, the statute of limi- tations, an award and a release.

At the trial the plaintiff fully proved, by his clerks, the ac- count annexed to his declaration. The defence rested prin- cipally upon the statute of limitations. There was an attempt to prove an award, but it failed for want of proof of a sub- mission. A release too was offered, but it was the release of Brelet to Guimarin from all liability to pay the copartnership debts, and no evidence whatever that the plaintiff ever assent- ed to it, or even knew of it.

The last item in plaintiff's account was dated more than four years before the action brought ; but the account is such as concerns " the trade of merchandize between merchant and merchant," the plaintiff being a dealer in jewelry and plated wares in New York, and the defendant engaged in the same business at Augusta. As the court was of the opinion that the exception in favor of merchants' accounts, contained in the 5th section of the act of limitation of 1767, had been repealed by the act of 1809, the plaintiff was compelled to reply a subsequent promise. He also proved mutual dealings between the parties within the four years, and in regard to some of the very articles charged in the plaintiff's account.

A verdict having been returned in favor of the plaintiff, and the court being now of opinion that the exception in the 5th section of the act of 1767, is of force, it becomes altoge- ther unnecessary to consider the other questions raised, which are,

1. How far it is in the power of one partner, after the dis- solution of the copartnership, to bind his copartner, by pro- mises which avoid the statute of limitations ?(1)

(1) See post, case of Brewster *v.* Hardeman and others.

2. What promise will be sufficient for that purpose ?(1)

It may be stated, however, that upon the first question it is held by a majority of the judges, that after dissolution of co-partnership, and until the statute shall have attached to the demand, each partner has the power to bind his copartner by promises which shall avoid the statute.

RICHMOND,
July, 1832.

FELLOWS
*v.*
GUIMARIN and
Another.

And upon the second question, that the promise to be sufficient must be express; or there must be an acknowledgment so direct and explicit, as to be equivalent to a promise.

The error into which the court fell respecting the exception in favor of merchants' accounts in the act of 1767, was occasioned by the generality of the words used in the first section of the act of 1809, and the repealing clause in the 2d section. The words in the 1st section are " that *all* actions founded upon *open accounts* shall be commenced within four years from the time such account accrued, and not after." And the 2d section repeals all laws militating against that law. Here is no exception. *All actions* upon *open accounts* shall be commenced within four years, *and not after*. But the true intention of the legislature is to be ascertained, from a consideration of this law in connexion with others upon the same subject, and from the object to be attained by this particular act, as disclosed in the preamble. And so important a part as the exception in favor of merchants' accounts, the usefulness of which is attested by ages of experience, should not be stricken from the statute, unless it be clearly the intention of the legislature that it should be.

The act of 1767 continued in force until 1805, when it was repealed. But the next year it was revived with some slight alterations; the principal of which are contained in the proviso of the 2d section, which is in these words, " That all notes and instruments of writing not under seal bearing date after the passage of this act, shall be of the same dignity with specialties, and subject to the same limitations heretofore in force in the case of specialties, anything in the 5th and 9th sections of the said act to the contrary notwithstanding."

There is something vague and uncertain in this proviso, which seems to relate only to contracts in writing. Yet though " notes and instruments in writing not under seal," alone are mentioned as having been placed upon the same footing with specialties, a reference to the 5th sec. of the act of 1767, together with the use of the word " specialties" and other indefinite expressions, rendered the explanatory act of 1809, necessary not only to fix precisely the limitation of actions upon sealed and unsealed instruments, but also upon open accounts. That act is entitled an act to amend the act of 1806. And as concerns bonds and notes, it certainly is such; but as to open accounts, it is only declaratory of what

(1) See preceding note.

RICHMOND,
July, 1832.

FELLOWS
*v.*
GUIMARIN and
Another.

the law was. No new principle is introduced; and the time prescribed is the same which in the 5th sec. of the act of 1767, limits similar demands. As to open accounts then, the act of 1809, is but affirmative of that of 1767, and it would be a most absurd construction, to make an affirmative act, by general words, repeal an important part of the act affirmed. There are two grounds upon which the defendant moves for a new trial.

1. Because the plaintiff's claim is actually barred by the statute of limitations, and no verdict can or should have been rendered upon it.

2. Because the verdict is against evidence and law.

As the court is of opinion that the statute of limitations never attached to the plaintiff's demand; and as the jury have passed upon the evidence in support of the account, competent in law and by them considered sufficient to sustain it, the motion is overruled on both grounds, and a new trial refused.

W. T. GOULD, for plaintiff.

R. R. REID, for defendants.